FOURTH DEPARTMENT, JULY, 1990

(July 13, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER SCOTT, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from judgment of Ontario County Court, Henry, Jr., J.—criminal sale of controlled substance, fourth degree.) Present—Dillon, P. J., Green, Lawton, Davis and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY S. PERRIN, Appellant.—Judgment unanimously affirmed. Memorandum: Since destruction of the dispatch tape by the police was inadvertent, the sanction of dismissal was not necessary to rectify whatever harm defendant may have suffered by the loss of this evidence (see, People v Rice, 75 NY2d 929, 932; People v Martinez, 71 NY2d 937, 940; People v Kelly, 62 NY2d 516, 520-521; People v Beam, 161 AD2d 1153). The court did not abuse its discretion in imposing an adverse inference charge as a lesser sanction for the failure to preserve the tape. The court properly refused to charge unauthorized use of a motor vehicle in the third degree as a lesser included offense because there was no reasonable view of the evidence to support it (see, People v Green, 56 NY2d 427). Defendant's contentions regarding the court's charge and evidentiary rulings do not require reversal. On this record defendant's sentence is not excessive. (Appeal from judgment of Chautauqua County Court, Adams, J.—burglary, second degree.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.