■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. PASSARIELLA, Appellant.—Judgment unanimously affirmed. Memorandum: Supreme Court properly rejected de-

fendant's request that the jury be given a missing witness charge on the basis of the People's inability to produce an informant for trial, despite their diligent yet unsuccessful attempts to locate him *(see, People v Gonzalez,* 68 NY2d 424; *People v Sturgis,* 154 AD2d 906, *lv denied* 75 NY2d 776; *People v Morris,* 140 AD2d 551, *lv denied* 72 NY2d 922). In addition, the court's instruction to the jury that the People's pretrial destruction of cocaine could be considered with respect to the sufficiency of the evidence was an appropriate exercise of discretion. The destruction was inadvertent, the prejudice to defendant was minimal and defendant acceded to the instruction *(see, People v Martinez,* 71 NY2d 937; *People v Perrin,* 163 AD2d 809, *lv denied* 76 NY2d 989; *see generally, People v Kelly,* 62 NY2d 516).

Although the trial court erred in admitting testimony about an aborted subsequent attempt to purchase cocaine from defendant, the court's curative instruction was sufficient to correct that error, and thus defendant was not deprived of a fair trial.

We have examined defendant's other contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Denman, Balio, Lawton and Lowery, JJ.