■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MARR, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]) and speeding (Vehicle and Traffic Law § 1180 [d]). On June 23, 1989, a police radar unit "clocked" a pickup truck operated by defendant traveling 64 m.p.h. in a 40 m.p.h. zone. After a short chase, defendant brought his truck to a stop. When the officer detected a strong scent of alcohol on defendant's breath, he had defendant perform a series of field sobriety tests. The officer concluded that defendant was intoxicated and placed him under arrest. At the police station, defendant agreed to submit to a breathalyzer test, and a videotape was made during the course of defendant's unsuccessful attempts to perform the test.

Prior to trial, defendant discovered that the police had erased the videotape which recorded his presence in the breathalyzer room. Defendant argued that the destruction of that discoverable evidence deprived him of evidence vital to his defense and moved to dismiss the indictment. County Court conducted an evidentiary hearing at which the officer testified that he erased the tape because he mistakenly believed that a letter from the District Attorney's office indicating that such tapes were of "no evidentiary value" and should not be made in the future constituted a directive to destroy tapes already in existence. Following the hearing, County Court determined that the prosecution was responsible for the loss of the tape, which was discoverable evidence. The court concluded, however, that the drastic remedy of dismissal was not warranted in these circumstances and instead imposed a sanction precluding the People from introducing any evidence of defendant's alleged refusal to submit to the breathalyzer test.

County Court properly exercised its discretion in fashioning an appropriate sanction. Although an adverse inference charge may also have been appropriate (see, People v Martinez, 71 NY2d 937, 940; People v Kelly, 62 NY2d 516, 521; People v Perrin, 163 AD2d 809, lv denied 76 NY2d 989), in our view, the court did not abuse its discretion in precluding the prosecution from introducing evidence at trial of defendant's alleged refusal to submit to the breathalyzer test as its sole sanction for the prosecution's failure to preserve the videotape.

We also find that the court did not abuse its discretion in allowing the prosecutor to cross-examine defendant about whether he had been convicted of two prior felonies while prohibiting the prosecutor from eliciting the fact that the prior felonies were DWI convictions, and also in prohibiting the prosecutor from inquiring into the underlying facts of those convictions. (Appeal from Judgment of Erie County Court, La Mendola, J.—Felony Driving While Intoxicated.) Present—Callahan, A. P. J., Denman, Green, Pine and Davis, JJ.