**Benjamin Trinidad TRUJILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–97–528–CR.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 16, 1999.

Decided June 7, 2000.

Publication Ordered June 13, 2000.

George E. Renneberg, Law Office of William E. Hall, Jr., Conroe, for Appellant.

Michael A. McDougal, Dist. Atty., Gail Kikawa McConnell, Peter C. Speers, III, Asst. Dist. Attys., Conroe, for State.

Before WALKER, C.J., BURGESS and STOVER, J.J.

## SECOND OPINION ON RECONSIDERATION

DON BURGESS, Justice.

Pursuant to TEX.R.APP. P. 50, we withdraw our opinion of March 22, 2000, and substitute the following in its place.

A jury convicted Benjamin Trujillo of murder and assessed punishment at twenty years' confinement in the Texas Department of Criminal Justice, Institutional Division. Trujillo raises a single issue on appeal contending the trial court erred in denying his motion to suppress two written statements.

During the investigation of the murder, Trujillo twice gave the police written statements indicating he shot his employer, Joseph Sanchez, at Sanchez's place of business. The basis for Trujillo's motion to suppress is the State's violation of a provision of the Vienna Convention treaty.

Our Court of Criminal Appeals has recently decided this issue in *Rocha v. State*, 16 S.W.3d 1 (Tex.Crim.App. 2000). Here the court held that "treaties do not constitute 'laws' for Article 38.23 purposes." *Rocha*, 16 S.W.3d, at 19; *see* TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon Supp. 2000). This issue is overruled and the judgment of the trial court is AFFIRMED.