OPINION OF THE COURT
Charles J. Markey, J.
The defendant Andrey Litarov, by a misdemeanor information dated July 25, 2000, is accused of operating a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 (3).
The defendant moved to suppress his refusal to take a breathalyzer test. (See, Vehicle and Traffic Law § 1194.) A Judicial Hearing Officer (J.H.O.) of this Court, Honorable Joseph Cerbone, held a hearing on April 30 and May 4, 2001. Following the hearing, J.H.O. Cerbone made findings of fact and conclusions of law and recommended to this Court that the defendant’s motion to suppress be denied.
Findings of Fact
The salient facts are not in dispute. The J.H.O. found the testimony of the police witnesses credible.
On July 13, 2000, at about 3:42 a.m., police observed the defendant sitting in the driver’s seat of a 1988 Audi, with the motor running, at 92nd Street and Roosevelt Avenue in Queens County. The defendant’s eyes were bloodshot and watery, his complexion was flush, and his speech was slurred. Police Officer E. Stewart, at the 112th Police Precinct, repeatedly requested the defendant to take a breathalyzer test. Each time, the defendant declined and stated that he wanted “his Russian rep.” The J.H.O. correctly observed that the defendant’s request was to consult or see a Russian consular official.
During the hearing, the People conceded that they could not locate the videotape evidencing defendant’s refusal to take a breathalyzer test. Defense counsel asked that several sanctions be applied against the People for the loss of the videotape.
This Court adopts the J.H.O.’s findings of fact.
Conclusions of Law
In recommending that this Court deny the defendant’s motion to suppress, the J.H.O. believed that (1) the law does not require that a refusal to take a breathalyzer test should be suppressed because a defendant was denied access to a consular official, and (2) the appropriate sanction, premature at the hearing stage, is for the trial judge to give an adverse *236 charge regarding the loss of the videotape. The J.H.O. gave the parties an adjournment in order to research and brief the two issues, but no apposite authority was cited to him.
1. The Alleged Violation of the Vienna Convention
Although not cited by the parties, article 36 of the Vienna Convention on Consular Relations (21UST 77, TIAS 6820 [Apr. 24, 1963] [Vienna Convention or VCCR]) provides for notification of a foreign national’s consulate upon the arrest of that foreign national. (See, Matter of Walker v Pataki, 266 AD2d 40 [1st Dept 1999].) The United States ratified the Vienna Convention in 1969. (See, United States v Jimenez-Nava, 243 F3d 192 [5th Cir 2001].)
The defendant’s request for suppression of his refusal to take a breathalyzer test on this theory that he was not permitted access to an embassy official must fail for several reasons. First, as a factual matter, defense counsel failed to establish why this particular defendant would be subject to the protections of the Vienna Convention. Not even a scintilla of evidence was presented at the hearing as to this defendant’s nationality.
Second, the Vienna Convention itself prescribes no judicial remedy or other recourse for its violation. (United States v Ademaj, 170 F3d 58, 67 [1st Cir], cert denied 528 US 887 [1999].) The Supreme Court of the United States, in Breard v Greene (523 US 371, 376 [1998]), stated, in dicta, that the Vienna Convention “arguably” creates individually enforceable rights. (See, United States v Santos, 235 F3d 1105, 1107-1108 [8th Cir 2000]; United States v Laden, 126 F Supp 2d 290, 295-296; 132 F Supp 2d 168, 194-198, 195, n 30 [SD NY 2001].)
Although this Court’s research has found no case where the Vienna Convention was discussed in terms of a breathalyzer test, the overwhelming majority of American federal and state courts have held that a violation of article 36 of the Vienna Convention does not get remedied by adopting an exclusionary rule requiring suppression of the evidence. (See, United States v Jimenez-Nava, 243 F2d 192, 198-200, supra; United States v Lawal, 231 F3d 1045, 1048 [7th Cir 2000], cert denied 531 US 1182 [2001]; United States v Chaparro-Alcantara, 226 F3d 616, 621-623 [7th Cir], cert denied 531 US 1026 [2000]; United States v Lombera-Camorlinga, 206 F3d 882, 885-887 [9th Cir] [en banc], cert denied 531 US 991 [2000]; United States v Duarte-Acero, 132 F Supp 2d 1036, 1039 [SD Fla 2001] [remedies available for violations of article 36 of the VCCR do not include suppression of the evidence or dismissal of the indictment]; State v Cevallos-Bermeo, 333 NJ Super 181, 754 *237 A2d 1224, cert denied 165 NJ 607, 762 A2d 221 [2000]; People v Elias, NYLJ, Feb. 4, 1999, at 31, col 3 [Sup Ct, Queens County 1999]; but see, Ledezma v State, 626 NW2d 134, 152 [Iowa 2001] [trial counsel rendered ineffective assistance of counsel, inter alia, when he failed to inform the defendant of his right to consular access under article 36 of the VCCR; “Criminal defense attorneys are not equipped to provide the same services as the local consulate”]; State v Reyes, 740 A2d 7, 13-14, rearg denied 1999 WL 743598, 1999 Del Super LEXIS 353 [Del 1999] [granting a motion to suppress evidence because failure to advise defendant of his rights under article 36 of the VCCR precluded an intelligent waiver of Miranda rights].)
Indeed, where an alleged violation of article 36 of the Vienna Convention was raised in a capital or serious felony case, the courts have refused to grant relief. (See, e.g., State v Jamison, 105 Wash App 592, 20 P3d 1010 [2001]; People v Hernandez, 319 Ill App 3d 520, 745 NE2d 673 [2001]; People v Madej, 193 Ill 2d 395, 739 NE2d 423 [2000] [divided court], discussed in Note, People v. Madej: Illinois Violation of the Vienna Convention on Consular Relations, 32 Loy U Chi LJ 471 [2001]; Sifuentes v State, 29 SW3d 238 [Tex Ct App 2000]; Trujillo v State, 25 SW3d 270 [Tex Ct App 2000]; Zapata v State, 15 SW3d 661 [Tex Ct App 2000]; Rocha v State, 16 SW3d 1 [Tex Ct App 2000]; Ibarra v State, 11 SW3d 189, 197 [Tex Crim App 1999], cert denied 531 US 828 [2000] [defendant, a Mexican citizen, was sentenced to death, although not informed of his right to free access to the Mexican consulate].)
In a recent case involving the charge of drunk driving, the court rejected a challenge under the Vienna Convention, not to a breathalyzer test, but to the admissibility of statements made by a defendant who was not notified of his rights under article 36. (Garcia v State, 17 P3d 994, 996-997 [Nev 2001] [VCCR makes no provision for suppression as a cure for a violation of article 36].)
For this Court or another American court to apply an exclusionary rule to remedy a violation of the Vienna Convention would be unilaterally self-limiting, since no country which has ratified the Vienna Convention has applied such a remedy. (See, United States v Rodrigues, 68 F Supp 2d 178, 186 [ED NY 1999].)
Further, to grant suppression here would be to confer an additional layer of protection upon foreign nationals that is not provided to United States citizens, and that other signatories of the Vienna Convention do not give to Americans traveling abroad.
*238 Finally, the present controversy, regarding the failure to administer rights of consular notification under the Vienna Convention when the police are authorized by statute to inform a motorist about a breathalyzer test, sets this matter apart from all of the above-cited cases. In the precedents cited and discussed above, the police question a suspect of an alleged crime, and the accused subsequently seeks suppression of a statement based on a violation of article 36. The issue of time in those cases was not essential.
Here, however, New York law requires that the breathalyzer be administered within two hours after arrest in order to be admissible. (Vehicle and Traffic Law § 1194 [2] [a] [1]; People v Capia, 271 AD2d 543 [2d Dept], lv denied 95 NY2d 851 [2000]; People v Zawacki, 244 AD2d 954 [4th Dept 1997]; see also, People v Finnegan, 85 NY2d 53, cert denied 516 US 919 [1995].) Invocation of the right to consular notification under article 36 would essentially exempt foreign nationals from taking a breathalyzer test since it could take days, not less than two hours, before a consular official would be available to consult with a defendant.
This Court, accordingly, declines to suppress defendant’s refusal to take a breathalyzer test based on an alleged violation of article 36 of the Vienna Convention.
2. Sanctions Against the People’s Loss of the Videotape Evidencing Defendant’s Refusal to Take the Breathalyzer
Defendant contends that the case should be dismissed because of the People’s failure to preserve the videotape depicting the defendant’s refusal to take the breathalyzer test. (See generally, Brady v Maryland, 373 US 83 [1963] [exculpatory material]; People v Rosario, 9 NY2d 286 [1961] [recorded statements by the defendant or prosecution witnesses]; CPL 240.45 [1] [a].)
First, the Court questions how the videotape would constitute either Brady or Rosario material since his refusal to take the test is not in dispute. (See, People v Ross, 282 AD2d 929 [3d Dept 2001] [rejecting defendant’s conclusory claims that a missing videotape would have constituted either Brady or Rosario material or that the outcome of the trial would have been different had the videotape been preserved and produced].)
One New York case has approved, as a sanction for such loss, the full preclusion against the People from introducing the defendant’s refusal to take a breathalyzer test. (See, People *239 v Marr, 177 AD2d 964 [4th Dept 1991].) That case, however, is factually distinguishable. There, the defendant, at the outset, wanted to cooperate in the taking of the test, so that the subsequent loss of the tape was crucial. In the present case, however, the defendant does not dispute that, at all times, he persisted in his refusal to take the test.
Thus, the view expressed by the J.H.O. at the hearing, that the trier of fact at trial, in his discretion, should be free to give an adverse charge against the People for the missing physical item of evidence, appears to be the better approach under the present circumstances. (See, People v Khademi, NYLJ, Dec. 22, 1994, at 31, col 1 [Crim Ct, Richmond County]; see generally, People v James, 93 NY2d 620 [1999]; People v Joseph, 86 NY2d 565 [1995].)
The Court, accordingly, adopts the conclusions of law by the J.H.O. The defendant’s motion to suppress is, in all respects, denied.