People v Bookman (2024 NY Slip Op 00537)

People v Bookman

2024 NY Slip Op 00537

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, GREENWOOD, AND NOWAK, JJ.

908 KA 22-01070

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
OLIVER D. BOOKMAN, DEFENDANT-APPELLANT. 

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
JASON L. SCHMIDT, DISTRICT ATTORNEY, MAYVILLE (ANDREW W. HALL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Chautauqua County Court (David W. Foley, J.), rendered June 2, 2022. The judgment convicted defendant, upon a jury verdict, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed to a determinate term of five years, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the second degree (Penal Law
§ 120.05 [7]), arising from an incident in which defendant, while incarcerated at the Chautauqua County Jail, struggled with officers as they attempted to remove him from his cell, thereby causing an officer to sustain a physical injury.
Defendant contends that County Court erred in imposing only an adverse inference charge as a remedy pursuant to CPL 245.80 (1) (b) for the People's failure to disclose video footage that "may have depicted the outside portion of [defendant's] cell at the time of the incident." The video footage had been deleted as a matter of course pursuant to jail policy. Contrary to defendant's contention, we conclude that the court did not abuse its discretion in fashioning an appropriate sanction (see People v Jenkins, 98 NY2d 280, 284 [2002]; People v Marr, 177 AD2d 964, 964 [4th Dept 1991]).
Defendant next contends that the verdict is against the weight of the evidence with respect to the element of intent. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Westbrooks, 213 AD3d 1274, 1276 [4th Dept 2023], lv denied 39 NY3d 1144 [2023]; People v Smith, 89 AD3d 1148, 1148-1149 [3d Dept 2011], lv denied 19 NY3d 968 [2012]). Although a different finding would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see Bleakley, 69 NY2d at 495). We similarly reject defendant's contention that the verdict is against the weight of the evidence with respect to whether the officer sustained a physical injury within the meaning of Penal Law § 10.00 (9) (see generally Danielson, 9 NY3d at 349; Bleakley, 69 NY2d at 495).
We agree with defendant, however, that the sentence of imprisonment imposed is unduly harsh and severe. This Court has "broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range," and may exercise that power, "if the interest of justice warrants, without deference to the sentencing court" (People v Delgado, 80 NY2d 780, 783 [1992]; see CPL 470.15 [6] [b]). We therefore modify the judgment as a matter of discretion in the interest of [*2]justice by reducing the sentence of imprisonment imposed to a determinate term of five years, to be followed by the three-year period of postrelease supervision previously imposed by the court.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court