■ GLADYS JUST et al., Appellants, v. ARTHUR GRAF et al., Respondents.— In an action by tenants to recover from landlords treble damages and attorney's fee by reason of an overcharge of rent in excess of the fixed maximum rent (Emergency Housing Rent Control Law, § 11, subd. 5; L. 1946, ch. 274, as amd.), the plaintiffs, by permission of this court, appeal from an order of the Appellate Term of the Supreme Court, dated October 19, 1961, which modified a judgment of the Municipal Court of the City of New York, rendered April 17, 1961 upon the decision of that court after a nonjury trial. The Municipal Court awarded plaintiffs treble damages amounting to $649.97 and an attorney's fee of $300. By its modification the Appellate Term reduced the award by allowing only the amount of the actual overcharge instead of the treble damages, and by fixing the attorney's fee at $150. Order of the Appellate Term reversed on the law and on the facts, and in the exercise of discretion; and judgment of the Municipal Court reinstated, with costs in the Appellate Term and in this court. The finding of fact contained in the decision-opinion of the Appellate Term is reversed. The Rent Commission, by its order, dated October 23, 1950, which bears the signatures of the defendants, had fixed a maximum rent for the apartment occupied by plaintiffs. Despite such order, defendants by a written lease exacted rent in excess of such maximum; and, upon termination of the lease the defendants exacted a still greater rent. The defendants did not testify or explain their exactions of the increased rent. Under the circumstances, we are of the opinion: (1) that the trial court's imposition upon defendants of the statutory penalty of treble damages was not an improvement exercise of discretion; (2) that it was error for the Appellate Term to excise the penalty based on its negative finding that the " record does not warrant a finding of willfulness in the violation; " (3) that the imposition of the penalty does not depend upon

an affirmative finding of willfulness; and (4) that, in any event, the negative finding indicating the absence of willfulness is not justified by the record. In view of the fact that plaintiffs are entitled to the treble damages, it was also error to reduce the attorney's fee. Ughetta, Acting P. J., Kleinfield, Christ, Hill and Rabin, JJ., concur.