■ In the Matter of JAMES T. METZ, JR., Petitioner, v DIVISION OF HOUSING AND COMMUNITY RENEWAL OF THE STATE OF NEW YORK et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of responent Division of Housing and Community Renewal of the State of New York, issued June 17, 1982, that petitioner had willfully overcharged a tenant and directed petitioner to pay to the tenant a penalty equal to three times the overcharge.

Determination confirmed and proceeding dismissed on the merits, with costs to respondent Division of Housing and Community Renewal of the State of New York.

In an order and determination issued on November 21, 1980, respondent Division of Housing and Community Renewal of the State of New York (division) found that petitioner collected an overcharge in the total sum of $450.46 above the rent authorized for a housing accommodation occupied by his tenant, Frances Buchman, in violation of the Emergency Tenant Protection Act of 1974 ([Act], L 1974, ch 576, § 4) and directed the petitioner to pay the tenant a penalty equal to three times the amount of such overcharge.

In computing the overcharge, the division relied upon data furnished in petitioner's answers to Ms. Buchman's complaint with respect to the rent paid by the prior tenant and the expiration date of the prior tenant's lease. Thereafter, petitioner commenced a proceeding pursuant to CPLR article 78 to vacate the division's order and determination on the ground, *inter alia,* that petitioner had not been provided with a reasonable opportunity to present evidence that the overcharge was neither willful nor attributable to his negligence before the division assessed the penalty at three times the amount of the overcharge. The division is authorized to fix the penalty at three times the amount of the overcharge unless the owner establishes by a preponderance of the evidence that the overcharge was neither willful nor attributable to his negligence. If the owner satisfies his burden of proof, the division must fix the penalty at the amount of the overcharge, plus interest (McKinney's Uncons Laws of NY § 8632 [a] [1]; Act § 12 [a] [1]). Concluding that the Emergency Tenant Protection Act of 1974 contemplated that the owner is to be provided with an opportunity to present such evidence prior to the agency's assessment of the penalty, Special Term, in a judgment entered November 16, 1981, granted the petition and remitted the matter to the division for a hearing on the issue of whether the rent overcharge was willful or attributable to petitioner's negligence.

Prior to the commencement of the hearing before the division, a prior order and determination issued on February 1, 1980 in response to a complaint filed by the former tenant of the subject premises was brought to its attention. That order and determination had assessed a penalty against petitioner equal to the sum he had overcharged the prior tenant and had fixed the legal regulated rent for the subject premises for a lease term which terminated on August 31, 1981. At the hearing, the division ascertained from said order and determination that the rent paid by the prior tenant was less than the sum originally stated by petitioner in his answer to the present tenant's complaint and that the expiration date of the prior tenant's lease was one year later than petitioner had represented. Based on this new information, the division recomputed the overcharge and found it to be $845. The division further determined that the overcharge was knowing and willful based upon the fact petitioner had collected an excessive amount of rent from tenant Buchman when he had actual knowledge of the true expiration date of the former tenant's lease and the contents of the order and determination

of February 1, 1980, fixing the legal regulated rent for the apartment Ms. Buchman occupied during the unexpired term of the prior tenant's lease. Consequently, in a determination issued June 17, 1982, the division directed petitioner to pay the tenant a penalty equal to three times the overcharge, to wit: $2,536.50.

Petitioner then commenced this proceeding, pursuant to CPLR article 78, contending, *inter alia,* that the division had no authority to recalculate the amount of the overcharge since Special Term's judgment had remitted the matter merely for the purpose of determining whether or not the overcharge of $450.46 was due to willfulness or negligence. We disagree.

Upon learning at the court-ordered hearing that the first computation of the overcharge was predicated upon false data deliberately furnished by petitioner in its answer to Ms. Buchman's complaint, the division acted properly in revising the amount of the overcharge to reflect the true facts. Under the circumstances of this case, we reject petitioner's contention that the division was foreclosed from correcting the erroneous computation because the fraud perpetrated upon the division within the meaning of 9 NYCRR 2507.8 was discovered at a hearing on remittitur following a CPLR article 78 proceeding, rather than prior to the date of the first petition for judicial review.

There is substantial evidence in the instant record to support both the division's recomputation of the overcharge and its determination that the overcharge was willful. We have reviewed petitioner's other contentions and find them to be without merit. Consequently, the division's determination, issued June 17, 1982, is confirmed. Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.