*520 OPINION OF THE COURT
Helen E. Freedman, J.
The within CPLR article 78 proceedings are consolidated for purposes of disposition. In the first action Sakraf Properties, Inc. (Sakraf or landlord) seeks to annul a determination by respondents Eimicke and Division of Housing and Community Renewal (DHCR) on September 1, 1987 denying landlord’s petition for administrative review (PAR). The PAR upheld the Rent Administrator’s order which had disallowed one vacancy increase and denied compounding of rent guidelines increases in calculating the legal rent and determining overcharges.
In the second proceeding, the Singers, tenant petitioners, seek to annul that portion of DHCR’s September 1, 1987 order which denied their application for treble damages.
The undisputed evidence shows that Geraldine and Steven Singer moved into apartment 2-G in 235 West 70th Street on or about February 1, 1980 pursuant to a two-year lease providing for a monthly rental of $520. Shortly thereafter, they requested a rent history of the apartment from the superintendent. Some time later Louis Farkas, president of Sakraf, showed a prior lease with the name Kawasaki on it to the tenants. On March 30, 1984 the Singers commenced a rent overcharge complaint. Following a request by DHCR to Sakraf to submit rent records to prove the lawfulness of the rent charges, 5 leases were submitted — 4 executed by Masao Kawasaki and 1 by a James Brown. The Kawasaki leases were for the following successive terms and rentals:
September 1, 1973 - August 31,1975 $295.00
September 1, 1975 - August 31, 1977 $295.00
September 1, 1977 - August 31, 1979 $320.75
September 1, 1979 - August 31, 1980 $354.98
The Brown lease was as follows:
December 1, 1979 - November 30, 1981 $417.48
In calculating the Singers’ rent Sakraf allowed for vacancy allowance increases between the Kawasaki and Brown lease and again between the Brown and Singer lease and applied the rent guidelines increases successively. In its October 2, 1986 order the District Rent Administrator found that the landlord had improperly taken two vacancy increases for leases covering the same time period and compounded guidelines increases during the same period of Rent Guidelines *521 Board order number 11.[1] The order was based in part on an advisory opinion of the Corporation Counsel that an owner could not compound guidelines increases within the same guidelines period. There were some arithmetic errors as well. The owner was directed to roll back the rent to the lawful stabilized amount and make a full refund in the sum of $9,375, including reasonable costs and attorneys’ fees and interest from April 1, 1984.
The landlord then filed a PAR claiming that the Rent Administrator erred in his calculation of the overcharges and in its determination of the legal rent. Sakraf through its president Louis Farkas claimed that it was entitled to vacancy increases of 5% and 15%, respectively, and two rent guidelines increases of 12% for both the Brown and Kawasaki vacancies. He admitted an arithmetic error warranting a refund of $904.02 in overcharges.
The tenants, after contacting attorneys for the first time, filed a response to the PAR in which they asserted that DHCR’s calculations were correct and claimed treble damages, on the ground that the Brown lease was a "fraudulent document fabricated by the landlord to justify unlawful rent increases.”
In support of her treble damage claim Geraldine Singer stated that the only rent lease shown to her in response to her request was that of the Kawasakis, and that when she first saw the apartment and later moved in, the name on the door and mailbox was Kawasaki. She also stated that recent contact with Masao Kawasaki disclosed that he was in possession of the apartment through December 1979, the time of the purported Brown lease. She concluded by requesting additional time to substantiate some of these contentions.
Various documents were submitted to DHCR in March of 1987, including a photocopy of the Kawasaki’s final telephone bill showing telephone calls from apartment 2-G throughout January 1980, and a sworn statement from Masao Kawasaki indicating that he resided in apartment 2-G at 235 West 70th Street, New York, New York, until the end of January 1980 when he moved to Bronxville. An accompanying letter from the Singers’ attorney asserted that having shown that the *522 Brown lease was fraudulent, the Singers were entitled to tremble damages.
DHCR issued an order dated September 1, 1987 denying the PAR, affirming the determination of the Rent Administrator as to the overcharges, and rejecting the tenants’ claim for treble damages.[2] The Commissioner found that the tenant had submitted no evidence to document its allegations that the Brown lease was fraudulent.
With respect to the landlord’s article 78 proceeding, DHCR contends that its order properly follows the Rent Guidelines Board which has determined that guideline increases may not be compounded during the same guideline period pursuant to the advisory opinion by the Corporation Counsel.
With respect to the article 78 proceeding brought by the Singers, DHCR contends that it was incumbent upon the tenants to file their own PAR and that having failed to do so, they had in effect failed to exhaust their own administrative remedies. DHCR finds it "ludicrous” for the tenants to assume that they can raise their own entirely separate issues in a mere response to the landlord’s PAR. The agency also argues that an administrative appeal is not a de novo proceeding and that it is not the Division’s policy to "punish” a party who seeks administrative review by imposing harsher penalties than the original Administrator’s order had imposed unless the other party files its own PAR. Finally, DHCR claims that it was entirely within the discretion of the District Rent Administrator to find that treble damages were unwarranted under the facts of this case.
The first issue that will be addressed concerns the claim by DHCR that the tenants’ failure to file their own PAR warrants dismissal of the tenants’ article 78 proceeding. That argument strikes this court as "ludicrous”. It is clear that all of the issues raised in this article 78 proceeding were raised in* the extensive papers submitted by the tenants to DHCR as their response to the landlord’s PAR. The decision of the Commissioner specifically addresses the issue in his decision and denies the cross claim by the tenants for treble damages. There is nothing in the statute providing for judicial review of administrative orders which requires the party seeking judicial review to be the same party that brought the PAR. The statute (L 1985, ch 907, § 1) only requires that " 'such review *523 has been sought’ ”. (See, Matter of Bloom v Division of Hous. & Community Renewal, 138 Misc 2d 523, 524.)
In this proceeding the tenant did not initially seek administrative review, but when confronted with the landlord’s petition responded in effect with a counterclaim. The tenants then made a full record in the counterclaim for treble damages. At no time did the agency inform the tenants that a separate PAR was required and nothing in the Commissioner’s determination indicated that the tremble damages claim had been rejected because the tenant had not brought a separate proceeding. The only basis given for rejecting the claim was the tenant’s failure to establish fraud. It was clearly a final determination from which judicial review could readily be sought and to reject the treble damage claim on procedural ground exalts form over substance in an arbitrary manner that belies common sense.
Turning to merits of the treble damage claim, section YY516.0.5 (a) of the Administrative Code of the City of New York (now § 26-516 [a]) states as follows: "Subject to the conditions and limitations of this subdivision, any owner of housing accommodations who, upon complaint of a tenant, or of the state division of housing and community renewal is found by the state division of housing and community renewal, after a reasonable opportunity to be heard, to have collected an overcharge above the rent authorized for a housing accommodation subject to this law shall be liable to the tenant for a penalty equal to three times the amount of such overcharge. If the owner establishes by a preponderance of the evidence that the overcharge was not willful, the state division of housing and community renewal shall establish the penalty as the amount of the overcharge plus interest.”
It is clear that the burden to establish lack of willfulness is upon the landlord. (See, Matter of Metz v Division of Hous. & Community Renewal, 113 AD2d 758 [1985].) In this case, the unrebutted evidence establishes that the Brown lease was fabricated by the landlord as a device for obtaining rent increases substantially above those allowed by the applicable rent guidelines orders. The tenants demonstrated through documentary evidence that Masao Kawasaki occupied the premises until they moved in, and that the purported James Brown lease never involved an actual tenancy. Despite ample opportunity to do so the landlord made no attempt to rebut the Singers’ evidence.
*524 Tenants’ papers set forth several decisions by the Commissioner which grant treble damages and which appear to be inconsistent with the decision here. In those cases the Commissioner emphasized that the landlord must establish by a preponderance of the evidence that the overcharge was not willful and that failure to do so warrants treble damages. Submission of an inaccurate lease was the basis for finding treble damages in one case. The Brown lease here was at best inaccurate, more likely a total fabrication, and treble damages are thus warranted.
With respect to Sakrafs article 78 proceeding, the decision of the Commissioner as stated above sets forth the basis for the determination that only one vacancy increase and one increase during the period of Rent Guidelines Board order number 11 is appropriate. The construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, will be upheld. (Matter of Howard v Wyman, 28 NY2d 434.) The decision here appears to have been a rational determination based on an advisory opinion of the Corporation Counsel, and, in view of the suspect Brown lease, the court sees no reason to disturb it.
For all of the reasons stated above Sakrafs petition is denied and the Singers’ petition is granted.
Settle order providing for treble damages and attorney’s fees.

. The District Rent Administrator determined the rent for the Brown lease by adding a 12% increase plus a 5% vacancy allowance to the June 30, 1979 rent and for the Singer lease by adding the same 12% plus a 15% vacancy allowance to the June 30, 1979 rent.

. The order was issued after Sakraf brought a CPLR article 78 proceeding to compel decision or have it "deemed denied”.