■ In the Matter of WAI LEUNG CHAN, Respondent, v NEW

York State Division of Housing and Community Renewal, Appellant, et al., Respondent. [616 NYS2d 251] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated December 17, 1991, which affirmed an order of the District Rent Administrator, dated June 15, 1990, finding the existence of a willful rent overcharge, the New York State Division of Housing and Community Renewal appeals from so much of a judgment of the Supreme Court, Kings County (Kramer, J.), entered November 16, 1992, as granted the petition to the extent of striking the Administrator's award of treble damages.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the Administrator's award of treble damages is reinstated, the petition is denied in its entirety, and the proceeding is dismissed.

Rent Stabilization Law of 1969 § 26-516 (a) (Administrative Code of City of NY § 26-516 [a]) provides that in the case of a rent overcharge, the landlord will be liable to the tenant for a penalty equal to three times the amount of the overcharge. The statute permits the owner to avoid the penalty of treble damages if he establishes by a preponderance of the evidence that the overcharge was not willful. Here the petitioner failed to meet that burden. Thus, the award of treble damages was appropriate (see, Matter of Drizin v Commissioner of Div. of Hous. & Community Renewal, 140 AD2d 605; see also, Just v Graf, 17 AD2d 848).

We have considered the remaining contention raised by the petitioner in the Supreme Court and find it to be without merit. Lawrence, J. P., Altman, Friedmann and Krausman, JJ., concur.