■ In the Matter of MYEONG CHEOL KIM et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent. [671 NYS2d 309] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, Office of Rent Administration, dated July 5, 1996, which affirmed an order of the Rent Administrator, dated August 7, 1991, which found, *inter alia,* that the petitioners had overcharged the complaining tenant and awarded treble damages, the petitioners appeal from a judgment of the Supreme Court, Queens County (Durante, J.), entered March 21, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioners' contentions, the determination by the respondent New York State Division of Housing and Community Renewal, Office of Rent Administration, that the petitioners had overcharged the complaining tenant on rent was neither arbitrary and capricious nor an abuse of discretion (*see, Matter of Century Tower Assocs. v State of N. Y. Div. of Hous. & Community Renewal,* 83 NY2d 819; *Matter of Branch v State Div. of Hous. & Community Renewal,* 217 AD2d 581). Once it was determined that the petitioners had overcharged the complaining tenant, it became incumbent upon the petitioners to establish by a preponderance of the evidence that those overcharges were not willful (*see, Matter of Wai Leung Chan v New York State Div. of Hous. & Community Renewal,* 207 AD2d 552). The petitioners failed to meet this burden and, consequently, the penalty of treble damages was properly imposed (*see,* Administrative Code of City of NY § 26-516 [a]; *Matter of Chu v New York State Div. of Hous. & Community Renewal,* 231 AD2d 567). Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.