■ In the Matter of STERLING APARTMENTS, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [702 NYS2d 828] —Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered August 20, 1997, which dismissed petitioner landlord's application pursuant to CPLR article 78 to annul respondent's determination of petitioner's petition for

administrative review under Docket II-610009-RP directing petitioner to refund to certain tenants $22,047 representing rent overcharges and treble penalties therefor, unanimously affirmed, without costs.

Based on the record properly before it, respondent had a rational basis for declining to credit petitioner landlord with a vacancy allowance in determining the legal regulated rent of the subject premises. That being the case, and respondent's determination respecting the extent of the subject overcharge having otherwise been rationally based in the record and in accordance with applicable law, the determination may not be judicially disturbed (*see, Matter of Colton v Berman*, 21 NY2d 322, 329; *Matter of Plaza Mgt. Co. v City Rent Agency*, 48 AD2d 129, 131, *affd* 37 NY2d 837).

The imposition of treble damages also had a rational basis and, accordingly, was not arbitrary and capricious. Petitioner failed to meet its burden to overcome the presumption of willfulness attending the overcharge finding (*see, Matter of Century Tower Assocs. v State of N. Y. Div. of Hous. & Community Renewal*, 83 NY2d 819, 823) "by a preponderance of the evidence that the overcharge was neither willful nor attributable to [the owner's] negligence" (*Matter of Metz v Division of Hous. & Community Renewal*, 113 AD2d 758, 759). Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Rubin, JJ.