(May 27, 2004)

■ In the Matter of TOCKWOTTEN ASSOCIATES, LLC, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, and EDY FERGUSON, Intervenor-Appellant. [777 NYS2d 465]—

Order and judgment, Supreme Court, New York County (William A. Wetzel, J.), entered January 17, 2003, which granted the petition to the extent of nullifying the determination of respondent dated June 28, 2002 insofar as it found the rent overcharge willful and awarded treble damages, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

This is an appeal from an IAS court review of an administrative proceeding. The appropriate, well-established standard of judicial review of an administrative determination is whether the determination was arbitrary and capricious or without a rational basis in the administrative record (*see Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231 [1974]; *Greystone Mgt. Corp. v Conciliation & Appeals Bd.*, 94 AD2d 614, 617 [1983], *affd* 62 NY2d 763 [1984]). Where such a rational basis exists, a court may not substitute its judgment for that of the agency (*see Fresh Meadows Assoc. v Conciliation & Appeals Bd.*, 88 Misc 2d 1003 [1976], *affd* 55 AD2d 559 [1976], *affd* 42 NY2d 925 [1977]); indeed, an agency's determination, acting pursuant to legal authority and within its area of expertise, is entitled to deference (*see Matter of Salvati v Eimicke*, 72 NY2d 784 [1988]).

This litigation began when a tenant filed a rent overcharge complaint with respondent in March 1995, which resulted in a November 2001 order finding an overcharge of more than $11,000 but awarding no treble damages, as the Rent Administrator found no willfulness. Both owner and tenant filed petitions for administrative review (PAR) which resulted in the administrative determination reviewed in the instant proceeding. Respondent denied the owner's PAR and granted the tenant's PAR, awarding treble damages after finding that the owner failed to establish by a preponderance that the overcharge was not willful. Respondent further found that the owner's failure to furnish relevant rental records warranted the use of the prior tenant's last rent in computing the overcharge and that the owner's failure to furnish the records was unexcused. The IAS court found that respondent's reliance on the prior tenant's last rent was proper but reversed the award of treble damages. In evaluating the owner's willfulness, the IAS court improperly considered rental history in 1987, more than four years prior to the filing of the complaint, since the Rent Regulation Reform Act of 1997 provides that the proper base date for the determination of a regulated rent in a rent overcharge proceeding is four years prior to the filing of the

complaint (*see Zafra v Pilkes*, 245 AD2d 218 [1997]; *see also Hatanaka v Lynch*, 304 AD2d 325 [2003]). Even were rental history in excess of the four-year period relevant, with respect to the imposition of treble damages (*see Just v Graf*, 17 AD2d 848 [1962]), the burden is on the landlord to establish the lack of both willfulness and negligence (*see Matter of Metz v Division of Hous. & Community Renewal*, 113 AD2d 758 [1985]). Treble damages were properly awarded here since the owner failed to produce the rent history. The IAS court erred in relying on *Matter of Round Hill Mgt. Co. v Higgins* (177 AD2d 256 [1991]) to circumvent the owner's failure to produce the required rental records. In *Round Hill*, the owner made a good faith effort to produce records, provided all prior leases except one, made a valid but unsuccessful effort to obtain complete records, continued to charge the exact $200 monthly rent previously charged and provided evidence that the $200 rent was the same charged in 10 other identical apartments in the same building. None of these efforts was present here and the owner failed to meet the burden of showing that the overcharge was not willful or negligent. Respondent's determination had a rational basis in both the administrative record and the law and must be confirmed. Concur—Buckley, P.J., Nardelli, Sullivan and Lerner, JJ.