[844 NYS2d 204]

In the Matter of H.O. REALTY CORPORATION, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and WAEL HAGGIAGI, Intervenor-Respondent.

First Department, October 16, 2007

## APPEARANCES OF COUNSEL

*Berman & Frumkin, LLP*, New York City (*Jacob Frumkin* and *Michael T. Fois* of counsel), for appellant.

*David B. Cabrera*, New York City (*Jeffrey G. Kelly* of counsel), for New York State Division of Housing and Community Renewal, respondent.

*Murray Shactman*, New York City, for Wael Haggiagi, respondent.

## OPINION OF THE COURT

KAVANAGH, J.

The only issue warranting this Court's review is the decision by respondent Division of Housing and Community Renewal (DHCR) to apply the four-year limitation period in the Rent Regulation Reform Act of 1997 to evidence submitted on the question of an owner's willfulness when found to have charged an unlawful rent. Such evidence, assuming it is otherwise admis-

sible, should be considered in making that determination, and on that issue alone the matter should be remanded for further proceedings consistent herewith.

■ At the outset, the correct interpretation of a statute is ordinarily an issue of law for the courts, especially where "the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent" (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]). In such a case, the court may undertake the function of statutory interpretation without any deference to the agency's determination (*Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231-232 [1996]). Respondent's decision to limit the evidence that can be considered on willfulness is such a determination, and as such, is subject to that standard of review.

The relevant facts are not complicated nor the subject of any meaningful dispute. The tenant filed a rent overcharge complaint with DHCR on July 17, 2002. The owner contested the overcharge allegation and in essence claimed that any increase in the rent above what was authorized by statute was due to costs it incurred in making substantial improvements to the premises in 1997-1998. The Rent Administrator's findings that there was in fact an overcharge, albeit not willful, were initially confirmed by DHCR in response to petitions for administrative review brought by both parties. The agency specifically found that the owner had, as claimed, made substantial improvements to the apartment in 1997-1998 and had acted in the good-faith belief that it had the right to pass on the cost of these improvements to the tenant in the form of a rent increase.[1] Both the owner and the tenant filed CPLR article 78 petitions challenging DHCR's decision, and while those proceedings were pending in Supreme Court, DHCR applied for and was granted permission to remit the matter for further review. On July 23, 2005, DHCR revised its earlier ruling and issued a new order which affirmed its finding that a rent overcharge had in fact occurred, but reversed as to willfulness and found that the owner had indeed deliberately charged an unlawful rent. It specifically held that the four-year limitation period

---

1.   DHCR also made reference to the owner's apparent reliance on an unreported opinion in *H.O. Realty Corp. v New York State Div. of Hous. & Community Renewal* (Sup Ct, NY County, Allen, J., Sept. 17, 1998, Index No. 104483/98) involving another apartment in the same building as further proof of its good faith in imposing the challenged rent.

contained in the 1997 amendment applied not only to the calculation of a rent overcharge, but also to the issue of willfulness, and served to preclude consideration of any evidence of the costs alleged to have been incurred by the owner in making improvements to the premises that predated by four years the filing of the overcharge complaint. The agency then concluded, based upon the other evidence submitted, that the owner had indeed acted willfully, and imposed a penalty of treble damages.

■ The Rent Regulation Reform Act limits challenges that tenants may bring, regarding rents or rent increases charged for stabilized premises, to those occurring within the four-year period immediately prior to the filing of the rent overcharge complaint.[2] In effect, this law acts to preclude the admission of any evidence at such an inquiry that predates this four-year period. While making these proceedings more manageable, this amendment also served to provide owners with a measure of relief as to records they had to keep on file concerning the rental history of stabilized premises (see *Thornton v Baron*, 5 NY3d 175, 181 [2005]; *Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 149 [2002]).

When an overcharge complaint is filed, DHCR initially examines the relevant rental history of the premises to determine its lawful rent. It first determines the base rent for the premises, which ordinarily would be the rent listed on the

---

2. CPLR 213-a as amended provides:
   "An action on a residential rent overcharge shall be commenced within four years of the first overcharge alleged and no determination of an overcharge and no award or calculation of an award of the amount of any overcharge may be based upon an overcharge having occurred more than four years before the action is commenced. This section shall preclude examination of the rental history of the housing accommodation prior to the four-year period immediately preceding the commencement of the action."
   Rent Stabilization Law (Administrative Code of City of NY) § 26-516 (a) provides in pertinent part:
   "(i) Except as to complaints filed pursuant to clause (ii) of this paragraph [pertaining to complaints filed within 90 days of initial registration], the legal regulated rent for purposes of determining an overcharge, shall be the rent indicated in the annual registration statement filed four years prior to the most recent registration statement, (or, if more recently filed, the initial registration statement) plus in each case any subsequent lawful increases and adjustments. Where the amount of rent set forth in the annual rent registration statement filed four years prior to the most recent registration statement is not challenged within four years of its filing, neither such rent nor service of any registration shall be subject to challenge at any time thereafter."

annual rent registration statement filed four years prior to the most recent registration statement for the premises. It will then examine the rental history of the premises during the next four years, apply any appropriate increases or adjustments to the base rent, and arrive at a calculation representing the lawful rent that ought to be charged for the premises at the time the claim of a rent overcharge was made by the tenant. If the actual rent being charged for the premises exceeds the lawful rent, a finding of overcharge is entered and DHCR must then determine what penalty should be imposed in light of the violation. If it is determined that the owner's decision to charge the excessive rent was deliberate, or done knowing that the rent as charged was unlawful, a finding of willfulness is entered and a penalty equal to three times the amount of the overcharge must be imposed (Rent Stabilization Law § 26-516 [a]).

While each stage of this proceeding is concerned with the rent being charged for the premises, the issues to be resolved in determining if the rent is unlawful and whether the landlord thereby acted willfully are very different. The inquiry into whether there has been a rent overcharge is concerned with whether the rent being charged complies with the applicable provisions of the Rent Stabilization Law. It is a fact-based inquiry that relies primarily on objective evidence to determine the lawful rent that should be charged for the premises. A finding of an overcharge rests entirely on how the actual rent compares with the lawful rent; any justification the owner might have for charging a rent that exceeds the lawful rent is largely irrelevant at this stage of the proceedings.

Once a finding is made that there has been an overcharge, the process then moves to the penalty phase of these proceedings. By statute, once the owner is found to have charged an unlawful rent, it is presumed to have acted badly and the burden is placed upon it to establish by a preponderance of the credible evidence that it did not know the rent it was charging was unlawful. If the owner fails to make this showing, treble damages must be imposed as its penalty.

Initially, it must be noted that the Rent Stabilization Law, by its terms, provides that an owner found to have charged an unlawful rent will be given a reasonable opportunity to be heard, and if it can establish by a preponderance of the credible evidence that the overcharge was not willful, treble damages will not be imposed as its penalty (Rent Stabilization Law § 26-516 [a]). Read in context, there is nothing in this provision that,

by its terms, limits the owner in proving its good faith to the four-year period immediately prior to the filing of the overcharge complaint. The four-year limitation specifically refers to the period within which a rent may be challenged; it does not, by its terms, limit the period in which the owner can draw evidence to explain its actions to the four years immediately prior to the filing of the complaint.

It is difficult to conceive of a rational basis for precluding from consideration evidence that is otherwise relevant and helpful in determining willfulness simply because it predates the date of the overcharge complaint by four years. Owners, who were the intended beneficiaries of this amendment limiting the period in which rents may be challenged, will surely not complain because consideration of such evidence, whatever its date, is not adverse to their legitimate interests. In fact, owners who make every effort to comply with their obligations under the Rent Stabilization Law can only benefit from an inquiry that will allow a full and thorough review of all competent evidence on this issue. A rule that arbitrarily excludes from consideration such evidence not only fails to advance the objectives of the Rent Stabilization Law but may well result in severe penalties being imposed in situations where they clearly are not warranted.

Parenthetically, willfulness is a penalty proceeding and DHCR should have access to any competent evidence, including an owner's record of compliance with these regulations, before deciding to impose treble damages as punishment for an overcharge. No one would seriously argue that any valid interest would be served by allowing a landlord who is a chronic offender of these regulations to bar from consideration any part of its history of charging tenants illegal rents just because the overcharges occurred four years before the most recent complaint. Conversely, an owner who has never been found to have violated these regulations should have the full benefit of that history to support its claim that the instant overcharge was not willful, but rather, an aberration and a good-faith mistake.

By any reasonable measure, treble damages amount to a substantial penalty. It is punitive in nature and obviously designed to severely punish owners who deliberately and systematically charge tenants unlawful rents, while deterring other owners of stabilized premises who might be similarly inclined (*see Lyke v Anderson,* 147 AD2d 18, 28 [1989]).

Arbitrarily limiting what evidence can be considered by a "mechanical application" of this four-year rule to this stage of the proceedings defeats that purpose and bears no rational relation to the objectives of this statute (*see Matter of Round Hill Mgt. Co. v Higgins,* 177 AD2d 256, 258 [1991]).

Finally, the four-year rule has not been inviolate, and exceptions have been made in its application where circumstances and policy considerations dictate. For example, DHCR was found to have the right to go outside this four-year look-back period to determine if the landlord was entitled to a longevity increase in calculating a lawful rent (*Matter of Ador Realty, LLC v Division of Hous. & Community Renewal,* 25 AD3d 128 [2005]). This Court has specifically found that "DHCR's consideration of events beyond the four-year period is permissible if done not for the purpose of calculating an overcharge but rather to determine whether an apartment is regulated" (*East W. Renovating Co. v New York State Div. of Hous. & Community Renewal,* 16 AD3d 166, 167 [2005]). The policy considerations that justified deviation from the operation of this provision in those matters exist with equal force here.[3]

Because the Court concludes that it is not impermissible for DHCR to consider bona fide improvements or renovations made more than four years before the filing of the rent overcharge complaint when determining the willfulness of the overcharge, the matter must be remanded to DHCR for a new hearing on willfulness, in light of those improvements or renovations actually made by the landlord, to the extent they are proven with credible evidence.[4]

---

**3.** In *Matter of Tockwotten Assoc. v New York State Div. of Hous. & Community Renewal* (7 AD3d 453 [2004]), this Court found that Supreme Court erred in a willfulness proceeding by considering rental history beyond the four years prior to the complaint; however, the landlord there had not provided proof of the history it wanted to be considered and could not find any documentation to support its claims. To the extent *Tockwotten* can be read as holding otherwise, we do not find it to be controlling authority on this specific issue.

**4.** This ruling should not be viewed as the Court expressing any opinion as to the validity of the improvements/renovations alleged to have been made by the landlord. Neither should this decision be viewed as a finding that any factual determinations by DHCR—especially the finding of willfulness—were arbitrary or capricious or lacked a rational basis. In that regard, we are not unmindful of the fact that the landlord had a rather checkered history (misstating the prior rent in both the lease rider to the tenant and the rent registration to DHCR, charging tenant a security deposit in excess of $1,000, and wrongfully evicting a prior tenant). Rather, this decision merely addresses

Accordingly, the judgment of Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about May 12, 2006, dismissing this CPLR article 78 proceeding challenging respondent's determination which fixed the rent at $588.93, and imposed treble damages on the rent overcharge plus excess security in the amount of $16,851.09, should be modified, on the law, to the extent of reinstating the petition insofar as it challenges treble damages, and otherwise affirmed, without costs, and the matter remitted to Supreme Court for further proceedings as to the issues of willfulness and treble damages.

SWEENY, J. (dissenting). Because the majority now departs from long-standing precedent concerning the four-year statute of limitations in residential rent overcharge actions, I must respectfully dissent.

"In reviewing an administrative agency determination, we must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious" (*Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 149 [2002]). Neither the Division of Housing and Community Renewal's nor the IAS court's finding of willfulness was arbitrary and capricious, and both have a rational basis.

We have previously upheld Rent Stabilization Law (Administrative Code of City of NY) § 26-516 (a) (2), as amended by the Rent Regulation Reform Act of 1997, which specifically "preclude[s] examination of the rental history of the housing accommodation prior to the four-year period preceding the filing of a [rent overcharge] complaint" (*Zafra v Pilkes*, 245 AD2d 218, 219 [1997]). There is no dispute in this case that the base date was July 17, 1998. The improvements claimed to have been made by the owner were completed by February 13, 1998, prior to the base date. The complaint was filed on July 17, 2002, more than four years after the completion of the claimed renovations. The inclusion of the renovations in the rental calculation was thus impermissible (*Matter of Tockwotten Assoc. v New York State Div. of Hous. & Community Renewal*, 7 AD3d 453 [2004]).

*Tockwotten*'s holding is not distinguishable on the grounds that the owner there failed to provide any rental history rec-

---

the question of whether it was error for DHCR to exclude evidence of the improvements based solely on a four-year statute of limitations. The remand for further proceedings is thus limited in that respect.

ords. Even in those cases where rental registration statements or rental history are provided, such as here, we have held unequivocally that "[r]ental history that falls outside the four-year period does not become reviewable simply because it is listed in a registration statement filed within the four-year period" (*Matter of McCarthy v New York State Div. of Hous. & Community Renewal*, 290 AD2d 313, 314 [2002]). It should be noted that the agency found the rental registration statements submitted by the owner here to contain improper representations.

Moreover, the IAS court appropriately determined that the owner could not reasonably rely on Justice Allen's unreported decision in *H.O. Realty Corp. v New York State Div. of Hous. & Community Renewal*. Although that case involved a different apartment in the same building, the issue there did not involve rent overcharge claims, but rather concerned the appropriateness of permanent rent increases under Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (1). That section allows for rent increases for renovations only upon the written consent of the tenant at the time of the renovations, or without consent if the apartment is vacant at the time of the renovations. Neither of these factors is present in this case.

I recognize that the imposition of treble damages may seem harsh. Indeed, I agree with the majority that such damages are punitive in nature, and are designed to penalize landlords who deliberately overcharge rent and to act as a deterrent for those considering such action. However, even though we would not necessarily arrive at the same finding as the agency, our function as an appellate court is to determine whether the agency's decision was arbitrary and capricious or without a rational basis in the administrative record (*Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y.*, 94 AD2d 614, 617 [1983], *affd* 62 NY2d 763 [1984]). "Where such a rational basis exists, a court may not substitute its judgment for that of the agency" (*Tockwotten,* 7 AD3d at 454).

The agency made a willfulness finding partially on the owner's improper representations as to the apartment's legal rent in its 2001 and 2002 rent registrations, as well as other factors. It cannot thus be said that the agency's findings were not supported by the record or that the IAS court erroneously upheld those findings. The judgment of the IAS court should therefore be affirmed.

SULLIVAN and MALONE, JJ., concur with KAVANAGH, J.; MAZZA-RELLI, J.P., and SWEENY, J., dissent in a separate opinion by SWEENY, J.

Judgment, Supreme Court, New York County, entered on or about May 12, 2006, modified, on the law, to the extent of reinstating the petition insofar as it challenges treble damages, and otherwise affirmed, without costs, and the matter remitted to Supreme Court for further proceedings as to the issues of willfulness and treble damages.