DiLorenzo v Windermere Owners LLC (2020 NY Slip Op 07997)





DiLorenzo v Windermere Owners LLC


2020 NY Slip Op 07997


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Friedman, J.P., Kapnick, Singh, Scarpulla, JJ. 


Index No. 110053/11 Appeal No. 7930-7931 Case No. 2018-1064(2) 

[*1]Laura DiLorenzo, Plaintiff-Respondent,
v
Windermere Owners LLC et al., Defendants-Appellants.


Cullen & Associates, P.C., New York (Kevin D. Cullen of counsel), for appellants.
Marc Bogatin, New York, for respondent.



Upon remittitur from the Court of Appeals (_ NY3d _, 2020 NY Slip Op 06837 [2020]) for consideration of the issues raised but not determined on appeal to this Court, judgment, Supreme Court, New York County (Lucy Billings, J.), entered October 26, 2017, unanimously affirmed, without costs, and the matter remitted to Supreme Court for the sole issue of determining plaintiff's reasonable attorneys' fees.
Plaintiff commenced this action in 2011, alleging, among other things, that she was overcharged by defendants who fraudulently represented that the apartment was not subject to rent stabilization. Plaintiff sought a judgment against defendants for rent overcharges, treble damages, a declaratory judgment that she was a rent-stabilized tenant and an injunction barring defendants from evicting her. Defendants answered, stating, inter alia, that the premises qualified for permanent deregulation.
A nonjury trial was held in January 2016. Supreme Court found, as relevant to this remand, that defendants failed to show that the work claimed in 2009 was not duplicative of the improvements performed in 1995 and 1998, or that the earlier work had outlasted its useful life. The court determined that the legal rent was well below the $2,000 threshold necessary for rent destabilization on the ground of high rent vacancy decontrol. The court also found that plaintiff was entitled to treble damages as defendants failed to rebut the presumption of willfulness. Supreme Court directed entry of a judgment in favor of plaintiff and against defendants jointly and severally and directed defendants to provide plaintiff with a rent-stabilized lease.
Defendants appealed. In a split decision, this court concluded, among other things, that plaintiff had waived the useful life issue, having failed to plead it in her complaint, and also found that useful life did not apply to the improvements relevant to this case. Accordingly, this court dismissed the case and did not reach the issue of willfulness.
Plaintiff appealed. The Court of Appeals reversed, finding that
"because plaintiff expressly raised the useful life issue in her pretrial memorandum, it was not waived. Supreme Court found that defendants failed to meet their burden to prove that the improvements in question satisfied the useful life requirement. To the extent the Appellate Division's contrary conclusion was based upon new factual findings, we conclude that the trial court's findings 'more nearly comport with the weight of the evidence'"
(internal quotation marks omitted). The Court of Appeals remitted the case back to us to determine any issues raised but not decided, the sole of which is whether there was evidence supporting a finding of willfulness. We now affirm.
Supreme Court correctly found that defendants failed to rebut the presumption of willfulness, and properly imposed treble damages on defendants. Rent Stabilization Law § 26-516(a) provides that "[o]nce [an] owner is found to have charged an unlawful rent, it is presumed to have acted badly and the burden is placed upon it to establish by a preponderance of the credible evidence that it did not know the rent it was charging was unlawful" (Matter of H.O. Realty Corp. v State of N.Y. Div. of Hous. & Community Renewal, 46 AD3d 103, 107 [1st Dept 2007]; see also Matter of 450-452 E. 81 St., LLC v New York State Div. of Hous. & Community Renewal, 70 AD3d 489, 490 [1st Dept 2010]). If the owner fails to make such a showing, treble damages should be imposed as a penalty (H.O. Realty Corp., 46 AD3d at 107). Here, defendants' claimed improvements were unsubstantiated as defendants offered no evidence that the improvements were allowable and thus failed to meet their burden on this issue.
In addition, plaintiff, as the prevailing party, is entitled to an award of reasonable attorneys' fees (see 9 NYCRR 2526.1[d]; Conason v Megan Holding, LLC, 109 AD3d 724, 727 [1st Dept 2013], affd in relevant part 25 NY3d 1 [2015]), and the matter is remanded to Supreme Court solely for this determination. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020