Matter of 128 Second Realty LLC v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 00853)

Matter of 128 Second Realty LLC v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 00853

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Rosado, JJ. 

Index No. 157796/22 Appeal No. 1708 Case No. 2023-04038 

[*1]In the Matter of 128 Second Realty LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.

Kucker Marino Winiarsky & Bittens, LLP, New York (Patrick K. Munson of counsel), for appellant.
Mark F. Palomino, New York (Anita Shia of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Lynn R. Kotler, J), entered April 5, 2023, which denied the petition to reverse, annul, and set aside the determination of the New York State Division of Housing and Community Renewal (DHCR), dated July 14, 2022, which denied the petition for administrative review (PAR) seeking to reverse the rent administrator's order, dated August 5, 2021, to the extent it restored rent retroactive to August 1, 2020 rather than retroactive to July 5, 1989 or March 15, 2013, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR issued a rent reduction order in July 1987 following a fire at the subject apartment, which rendered the apartment uninhabitable. After a rent reduction order is in place, Rent Stabilization Code (9 NYCRR) §§ 2523.3 and 2523.4 prevent an owner from increasing the rent until the owner applies to lift the rent reduction order and demonstrates to DHCR that required services have been restored. According to DHCR policy, where a rent reduction order is issued in connection with an uninhabitable dwelling, the owner must demonstrate that the dwelling is habitable before rent can be restored.
The restoration date of August 1, 2020 had a rational basis, and we find no reason to disturb DHCR's determination (see Matter of Tockwotten Assoc. v New York State Div. of Hous. & Community Renewal, 7 AD3d 453, 454 [1st Dept 2004]). Petitioner initially submitted its application for rent restoration on or about August 24, 2020, and the application was received by DHCR on or about August 26, 2020. After it was returned as incomplete by DHCR, petitioner submitted a new application on or about September 8, 2020. The current tenants submitted affidavits, dated July 29, 2020, indicating that the premises were being maintained in excellent condition, and were fit for use and occupancy. DHCR subsequently followed up with an inspection confirming that the premises were habitable and occupied.
Petitioner's additional evidence, indicating that the premises were occupied earlier than August 1, 2020, was submitted after the rent administrator had rendered its order and, in any event, did not establish that the premises were habitable prior to August 1, 2020. Thus, DHCR providently exercised its discretion in declining to credit this evidence (see Gersten v 56 7th Ave., LLC, 88 AD3d 189, 203-204 [1st Dept 2011]).
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024