**Matter of Correction Officers Benevolent Assn. v Rehman**

2025 NY Slip Op 32909(U)

August 20, 2025

Supreme Court, New York County

Docket Number: Index No. 153141/2025

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | HON. MARY V. ROSADO | PART 33M |
| | *Justice* | |

-----------------------------------------------------------------X

In the Matter of the Application of
THE CORRECTION OFFICERS BENEVOLENT
ASSOCIATION

                                    Petitioner,

- v -

HON. ASIM REHMAN, as Commissioner and Chief
Administrative Law Judge of the Office of Administrative
Trials and Hearings

                                    Respondent.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153141/2025 |
| MOTION DATE | 03/07/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38

were read on this motion to/for _____ARTICLE 78 (BODY OR OFFICER)_____ .

Upon the foregoing documents, and after oral argument, which took place on May 22, 2025, where Justin Jackson, Esq. appeared on behalf of Petitioner the Correction Officers Benevolent Association ("Petitioner") and Lawrence Profeta, Esq. and Shira Bratt, Esq. appeared on behalf of Respondent Hon. Asim Rehman, as Commissioner and Chief Administrative Law Judge of the Office of Administrative Trials and Hearings ("OATH"), the petition is denied and this matter shall be marked disposed.

## I.    Background

OATH is a city agency that hears, among other matters, disciplinary proceedings initiated by the New York City Department of Correction ("Department of Correction") against their employees, including correction officers. The disciplinary action involves an OATH Administrative Law Judge conducting a pre-trial conference to attempt to settle the matter. If the

**153141/2025  THE CORRECTION OFFICERS BENEVOLENT ASSOCIATION vs. REHMAN, ASIM**          **Page 1 of 5**
Motion No.  001

1 of 5

matter does not settle, a trial is scheduled. OATH Administrative Law Judges have broad discretion in managing their calendars and trial schedules.

On October 21, 2015, because of a class action lawsuit brought by inmates against the Department of Correction, United States District Judge Laura Taylor Swain issued a consent judgment (the "*Nunez* Consent Judgment") (*see also* NYSCEF Doc. 11). An independent monitor was appointed to ensure the Department of Correction and the City of New York complied with the terms of the *Nunez* Consent Judgment. Pursuant to a report dated October 28, 2019, the independent monitor found the "OATH process is undermining the Department [of Correction]'s overall effort to impose meaningful and timely discipline." This report, along with the Department of Correction and City of New York's non-compliance of the consent judgment, resulted in Judge Swain issuing the First *Nunez* Remedial Order (the "First Remedial Order") on August 14, 2020 (NYSCEF Doc. 24). In Paragraph C.4 of the First Remedial Order, OATH was ordered to expedite disciplinary proceedings involving use of force violations charges.

Judge Swain issued a Third *Nunez* Remedial Order (the "Third Remedial Order") on November 22, 2021, which required OATH to schedule trials "within no more than three months of the initial pre-trial conference" (NYSCEF Doc. 26 at ¶ 3[ii]). On November 22, 2024, the independent monitor issued another status report (NYSCEF Doc. 29). The report stated OATH's timeline of scheduling trials within 80 days of the pre-trial conference was "unduly protracted" (NYSCEF Doc. 29 at 144). The report recommended shortening the timeline for scheduling trials from 80 days to 65 days (*Id.* at 148).

On January 28, 2025, Respondent sent an e-mail to OATH judges recommending that Department of Correction cases be scheduled for trial no more than 50 calendar days from the date of the first pre-trial conference (NYSCEF Doc. 30). On March 7, 2025, Petitioner commenced this

**153141/2025  THE CORRECTION OFFICERS BENEVOLENT ASSOCIATION vs. REHMAN, ASIM**           **Page 2 of 5**
**Motion No.  001**

proceeding seeking a declaration that Respondent's recommendation as to trial scheduling be deemed null and void because it disregarded Respondent's rule making requirements under the City Administrative Procedure Act, or alternatively declaring the recommendation null and void as arbitrary and capricious. Respondent opposes and seeks dismissal of the Petition. For the following reasons, the Petition is denied, and this proceeding is dismissed.

## II.      Discussion

Respondent's guidance to OATH judges regarding trial scheduling is a recommendation, not a rule subject to the City Administrative Procedure Act. Nor is the guidance arbitrary and capricious. The City Administrative Procedure Act defines a "rule" as "the whole or part of any statement or communication of general applicability that…implements or applies law or policy, or…prescribes the procedural requirements of an agency" (N.Y. City Charter § 1041[5][a]). A rule does not include "any (i) statement or communication which relates only to the internal management or personnel of an agency which does not…affect the rights of or procedures available to the public" and "(ii) form, instruction, or statement or communication of general policy, which in itself has no legal effect but is merely explanatory" (*see* N.Y. City Charter § 1041[5][b]).

The e-mail from Respondent to OATH judges explicitly states the 50-day timeline from pre-trial conference to trial is a "recommendation" (NYSCEF Doc. 30). Respondent further stated that the recommendation does not "supersede the Administrative Law judge's existing case management authority…nor does it limit the parties' ability to make applications to the tribunal regarding scheduling" (*Id.*). The e-mail further stated "[w]hen considering this recommendation, the Administrative Law judge should assess the circumstances in each case to determine whether this recommendation is appropriate" (*Id.*). Data produced by Respondent shows that adjournment

**153141/2025   THE CORRECTION OFFICERS BENEVOLENT ASSOCIATION vs. REHMAN, ASIM           Page 3 of 5**
**Motion No.  001**

3 of 5

[* 3]

requests are being made and trials are being scheduled past the 50-day recommendation in multiple cases (NYSCEF Doc. 36).

Based on this record, Respondent's guideline to OATH judges to aim for scheduling trials 50-days from the pre-trial conference is not a rule subject to the City Administrative Procedure Act's notice and hearing requirements, but an internal guideline or recommendation with no real legal force (*see, e.g. New York City Transit Auth. v New York State Dept of Labor*, 88 NY2d 225, 229-30 [1996]). The 50-day guideline is not being applied rigidly and OATH judges are permitted to consider the unique circumstances of each disciplinary hearing in scheduling their trials (*Trustees of Masonic Hall and Asylum Fund v Axelrod*, 174 AD2d 199, 204 [3d Dept 1992] [if guidance allows individual decision makers to apply variable factors on a case-by-case basis, guidance will not be considered a per se rule]). Nor did the recommendation supplant Petitioner's right to request an adjournment in the event a trial scheduled 50-days from the pre-trial conference is burdensome or unrealistic under the circumstances. Therefore, Petitioner's argument that Respondent's recommendation that OATH disciplinary trials be scheduled 50 days from the date of the pre-trial conference should be deemed null and void for violating the City Administrative Procedure Act is without merit.

Petitioner's request that Respondent's recommendation be deemed null and void because it is arbitrary and capricious is similarly without merit. An administrative action is "arbitrary" if it "is without sound basis in reason and is generally taken without regard to the facts" (*Roberts v Gavin*, 96 AD3d 669, 671 [1st Dept 2012]). If a rational basis for the action exists, the court's inquiry ends, for a court cannot substitute its judgment for that of the agency (*Matter of Tockwotten Assoc., LLC v New York State Div. of Hous. & Community Renewal*, 7 AD3d 453, 454 [2004]).

**153141/2025  THE CORRECTION OFFICERS BENEVOLENT ASSOCIATION vs. REHMAN, ASIM**          **Page 4 of 5**
**Motion No. 001**

4 of 5

[* 4]

Here, there was a rational basis for Respondent's recommendation. Namely, Department of Correction and the City of New York have repeatedly been found in violation of the *Nunez* consent judgment. Multiple status reports and remedial orders have found one reason for Department of Correction and the City of New York's non-compliance was due to OATH's procedures which prolonged trials of alleged disciplinary violations. The latest issued recommendation is part of a years-long process by OATH and the Department of Correction to expedite disciplinary proceedings to comply with the mandates in the *Nunez* consent judgment and the various ensuing remedial orders. Therefore, Respondent's recommendation was neither arbitrary nor capricious but was grounded in a desire to comply with federal court orders and the recommendations of the *Nunez* independent monitor. Thus, the Petition is denied, and this matter is dismissed. Moreover, as Petitioner failed to show a likelihood of success on the merits, its request for injunctive relief is denied.

Accordingly, it is hereby,

ORDERED that the Petitioner Correction Officers Benevolent Association's Petition is denied, and the Petition is dismissed; and it is further

ORDERED that within ten days of entry, counsel for Respondent shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 5/20/2025 | | | | May V Rosado JSC |
|---|---|---|---|---|
| **DATE** | | | | /HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | x | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | x DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**153141/2025  THE CORRECTION OFFICERS BENEVOLENT ASSOCIATION vs. REHMAN, ASIM**          **Page 5 of 5**
Motion No.  001

[* 5]                                                                  5 of 5