■ In the Matter of CARLTON WALKER et al., Appellants, v GEORGE E. PATAKI, as Governor of the State of New York, et al., Respondents. [698 NYS2d 624] —Order, Supreme Court, New York County (Charles Ramos, J.), entered November 6, 1998, which, in a proceeding seeking declaratory, injunctive and mandamus relief based upon an alleged violation of petitioner prisoners' right under article 36 of the Vienna Convention on Consular Relations (21 UST 77, TIAS 6820), as foreign nationals, to be advised upon arrest of their right to contact a representative of their country, granted respondents' motions to dismiss the petition for failure to state a cause of action, unanimously affirmed, without costs.

The operative allegation of the petition is that the police "continue to arrest and detain other foreign nationals" in violation of article 36 of the Vienna Convention on Consular Relations, which provides for notification of a foreign national's consulate upon the arrest of that foreign national. The petition should be dismissed for lack of a justiciable controversy. Mandamus directing respondents to enforce the treaty and an injunction prohibiting respondents from continuing their alleged illegal practices cannot be granted where petitioners do

not appear to seek any form of post-conviction relief for themselves. Even if they were, the treaty does not require that such be entertained outside the context of the Criminal Procedure Law (*cf., Breard v Greene*, 523 US 371). We note that respondents do not dispute that foreign nationals are entitled to the notice petitioners claim; the absence of a dispute also makes declaratory relief unavailable (*see, Goodman & Co. v New York Tel. Co.*, 309 NY 258, 266). Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Buckley, JJ.