■ Jim & Phil's Family Pharmacy, Ltd., et al., Respondents, v Aetna U. S. Healthcare, Inc., Appellant. [707 NYS2d 58] —Orders, Supreme Court, New York County (Ira Gammerman, J.), entered October 22, 1999, October 18, 1999 and October 7, 1999, respectively, which (1) granted plaintiffs' motion for class certification, (2) certified a class consisting of all individuals, partnerships, corporations or other entities that operated pharmacies within the State of New York and were parties to "Pharmacy Service Agreements" with defendant and its predecessor as well as participants in the pooled catastrophic fund, as described in said agreements, during the period January 1, 1993 through June 30, 1997 and (3) prescribed the method for notifying the certified class of the pendency of the class action, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 7, 1999,

which denied defendant's motion for reargument, unanimously dismissed, without costs.

In this action, over 1,600 pharmacies participating in "Pharmacy Service Agreements" with defendant seek to recover funds allegedly withheld in violation of a provision for the semi-annual distribution of monies remaining in a contingency fund maintained by defendant. The motion court properly exercised its discretion in granting plaintiffs' motion for class certification given the predominance of common issues of fact and law among the claims of the individual class members (*see*, CPLR 901 [a] [2]; *Weinberg v Hertz Corp.*, 116 AD2d 1, 7, *affd* 69 NY2d 979; *Friar v Vanguard Holding Corp.*, 78 AD2d 83, 97-98), which derive from the same practice or conduct by defendant (CPLR 901 [a] [3]; *Friar v Vanguard Holding Corp.*, *supra*, at 99). In light of the large number of potential claimants, the close similarity of their claims, and the relatively small potential recovery by each individual claimant, a class action is not only the superior method for the fair and efficient adjudication of the controversy (*see*, CPLR 901 [a] [5]) but the only economically viable means of pursuing redress (*see*, *Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 24). If, as defendant's answer asserts, there was no balance remaining to be distributed to plaintiffs at the end of the two semi-annual periods in dispute, the matter can be summarily disposed of upon submission of the necessary documentation (CPLR 3211 [a] [1]; 3212). The present record does not support the conclusion that the claims asserted are either "spurious [ ]or sham" so as to warrant denial of class certification (*Bloom v Cunard Line*, 76 AD2d 237, 240). Defendant's remaining arguments have been considered and found to be without merit. Concur—Nardelli, J. P., Williams, Tom, Lerner and Rubin, JJ.