■ ANONYMOUS, Respondent, v CVS CORPORATION et al., Appellants. [739 NYS2d 565] —Order, Supreme Court, New York County (Charles Ramos, J.), entered April 20, 2001, which granted plaintiff's motion for class certification, and certified a class consisting of "all persons whose medical and/or prescription information was purchased or acquired without their knowledge or consent by CVS Corporation, CVS Columbus Place, L.L.C. or any subsidiary or affiliate of CVS Corporation from an independent pharmacy in New York during the six-year period preceding the commencement of this action [October 20, 1993 to October 20, 1999]," unanimously affirmed, with costs.

In issue is whether the sale and transfer of medical and prescription information under CVS's "independent file-buy program," without the knowledge or consent of customers of discontinuing independent pharmacies whose files were transferred, is a deceptive business practice and/or breach of fiduciary duty or implied contract in violation of the customers' right to confidentiality in such information (see, 188 Misc 2d 616). As defendants admit that the lack of prior notice to the customers is a standard feature of the program, their argument that individualized inquiries will be necessary to determine the issue of notice is difficult to understand (see, Jim & Phil's Family Pharm. v Aetna U.S. Healthcare, 271 AD2d 281; Makastchian v Oxford Health Plans, 270 AD2d 25). Certainly, those file-buy transactions in which customers, contrary to the general practice, did receive notice can be easily ascertained, and the customers excluded from the class. To the extent that defendants argue that pharmacies do not owe their customers a duty of confidentiality, or that the challenged program does not violate any duty of confidentiality that is owed, these arguments, like most of defendants' arguments, go to the merits of the action, and, as such, do not avail in the present context (see, Bloom v Cunard Line, 76 AD2d 237, 240-241). We have considered and rejected defendants' other arguments. Concur—Mazzarelli, J.P., Andrias, Saxe, Wallach and Marlow, JJ.