■ JOEL Z. DRIZIN, Appellant-Respondent, v SPRINT CORPORATION et al., Respondents-Appellants. [785 NYS2d 428]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered March 22, 2004, which granted plaintiff's motion for class action certification with respect to a New York State claim, but denied that part of the motion seeking certification of a nationwide class, unanimously affirmed, with costs against defendant Sprint Corporation in favor of plaintiff.

Defendants Sprint Corporation and ASC Telecom admittedly maintained numerous toll-free call service numbers that were nearly identical (except for one digit) to the toll-free numbers of competing long distance telephone service providers. Maintaining these numbers intentionally generated what is known as "fat fingers" business, which resulted from the misdialing by the intended customers of defendants' competitors. These customers, allegedly unaware that they were being routed through a different long distance provider, ended up being charged rates far in excess of what they would have paid to their intended providers. After plaintiff commenced this putative class action, this Court affirmed an order holding that the allegations in the complaint set forth viable claims under General Business Law § 349 and for common-law fraud (3 AD3d 388 [2004]).

The motion court properly exercised its discretion in granting plaintiff's motion for certification, but only to the extent of certifying a New York State class. Plaintiff demonstrated the numerosity of the proposed statewide class, the predominance of common questions of law and fact among the claims of the proposed class members which derive from the same practice and conduct of defendants, the typicality of this claim to the claims of the proposed class members, adequacy of representation, and the superiority of this method of recovery (CPLR 901 [a]; *Ackerman v Price Waterhouse*, 252 AD2d 179, 191 [1998]), considering the relatively small potential recovery for each individual member of the class (*Jim & Phil's Family Pharm. v Aetna U.S. Healthcare*, 271 AD2d 281 [2000]).

The court properly declined to certify a nationwide class with

respect to plaintiff's claims pursuant to General Business Law § 349 and for common-law fraud. Section 349 requires the deceptive transaction to have occurred in New York, leaving potential class members from outside the state, who were victimized by defendants' practices, with no viable claim under the statute (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314 [2002]). Maintenance of a nationwide class action on these claims would also be unmanageable inasmuch as the trier of fact would be required to engage in the task of distilling the laws of the 50 states (*see* CPLR 902 [5]; *cf. Taylor v American Bankers Ins. Group*, 267 AD2d 178 [1999]).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Ellerin, Lerner, Friedman and Sweeny, JJ.