■ SAMUEL BADILLO, Respondent, v 400 EAST 51ST STREET REALTY LLC et al., Defendants, and 890 FIRST LLC et al., Appellants. [902 NYS2d 352]—

Order, Supreme Court, New York County (Louis B. York, J.), entered November 13, 2009, which, in an action for personal injuries sustained in a fall on a sidewalk adjacent to premises owned and managed by defendants-appellants (defendants), denied defendants' motion to consolidate this action with a subsequently commenced action alleging the same accident and injuries but adding as a defendant the contractor allegedly hired by defendant management company to perform sidewalk repair work, unanimously reversed, on the facts, without costs, and the motion to consolidate granted.

The motion was denied on the ground that the first action was on the trial calendar whereas the second, commenced two years after the first, had not yet had a preliminary conference. This was error given no dispute that the two actions involve common questions of law and fact and the possibility of inconsistent verdicts, and where neither plaintiff nor the contractor opposed the motion except to request time to conduct disclosure in connection with the claims made by and against the contractor. Indeed plaintiff stated that he would consent to vacate the note of issue if necessary. No reason appears why the parties' preference for consolidation and additional disclosure cannot be accommodated without causing undue delay or other prejudice (*see Matter of Progressive Ins. Co. [Vasquez—Countrywide Ins. Co.]*, 10 AD3d 518, 519 [2004]; *Morell v Basa*, 300 AD2d 134, 135 [2002]). Concur—Tom, J.P., Friedman, McGuire, Acosta and Román, JJ.