■ In the Matter of CONTEST PROMOTIONS-NY LLC, Respondent, v NEW YORK CITY DEPARTMENT OF BUILDINGS et al., Appellants. [939 NYS2d 428]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered January 12, 2011, converting this proceeding brought pursuant to CPLR article 78 into a declaratory judgment action, and declaring that signs consistent with petitioner's business model qualify as "accessory" signs under New York City Zoning Resolution (ZR) § 12-10 and that

respondents may not reject outright permit applications for such signs on the ground that they do not meet the definition of "accessory use" under ZR § 12-10, unanimously reversed, on the law, without costs, the judgment vacated, the petition denied, and the proceeding dismissed.

Petitioner's failure to exhaust its administrative remedies precludes judicial review of its nonconstitutional claims (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *Slater v Gallman*, 38 NY2d 1, 3 [1975]; *Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375 [1975]). Petitioner did not appeal from what it views as the "final determination" by respondent Department of Buildings (DOB)— letters from DOB written in May and July, 2010—although, in its last letter, DOB expressly advised petitioner to appeal the matter to the Borough Superintendent (or Borough Commissioner) (*see* NY City Charter § 645 [b] [1]; [c]). Sign permit applications that are disapproved by the Borough Commissioner may then be appealed to the Board of Standards and Appeals (NY City Charter § 648; Administrative Code of City of NY § 28-103.4).

As to petitioner's constitutional claims, the first claim is that DOB's refusal to approve petitioner's signs constitutes an unjustifiable, content-based restriction on commercial speech. This claim requires a detailed assessment of the nature, content, and setting of petitioner's model signs, thus presenting a mixed factual and legal question (*see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 420 [1998]). It requires "the resolution of factual issues reviewable at the administrative level" (*see Matter of Schulz v State of New York*, 86 NY2d 225, 232 [1995], *cert denied* 516 US 944 [1995]; *see also Sumner v Hogan*, 73 AD3d 618, 619 [2010]; *Siao-Pao v Travis*, 23 AD3d 242, 243 [2005]). Therefore, the claim is barred by petitioner's failure to exhaust its administrative remedies.

Petitioner's second constitutional claim is that ZR § 12-10 is "facially unconstitutional" because it vests DOB with unbridled discretion to determine which signs are accessory. This claim presents a purely legal question that may be resolved by review of the regulatory scheme without regard to the facts, and thus is properly presented for judicial review. Petitioner contends that ZR § 12-10 provides no "objective criteria" by which to define the terms "incidental to" and "customarily found in connection with" contained within the definition of "accessory use." In view of the detailed criteria set forth in both ZR § 12-10 and the enabling regulations promulgated by DOB, we

find that this claim is without merit. Concur—Mazzarelli, J.P., Friedman, Acosta, Freedman and Abdus-Salaam, JJ.