■ BEVERLY CASON et al., Respondents, v DEUTSCHE BANK GROUP et al., Appellants. [965 NYS2d 110]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered October 4, 2012, which, in this employment discrimination action, denied defendants' motion, pursuant to CPLR 603 and 1003, to sever plaintiffs' claims into separate trial units, unanimously affirmed, without costs.

Plaintiffs assert claims under State and City Human Rights Laws, alleging defendants' discrimination based on race and national origin. Plaintiffs cite defendants' ethnically disparaging remarks and preferential treatment of plaintiffs' white counterparts in terms of compensation and promotion. Two plaintiffs allege retaliatory termination based on their complaints of racial discrimination, while the third alleges that the conditions resulting from the discriminatory acts became so difficult that he was forced to resign. Plaintiffs' supervisor testified as to her long familiarity with defendants' alleged acts of racial discrimination and her caution with discussing the subject because she had seen the negative impact on careers of those who complained.

The motion court providently exercised its discretion in denying defendants' application for severance (see Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 334 [1st Dept 2005]). Plaintiffs' claims share a " 'common nucleus of facts' " sufficient to warrant a joint trial (Vecciarelli v King Pharms., Inc., 71 AD3d 595, 596 [1st Dept 2010], quoting Sichel v Community Synagogue, 256 AD2d 276, 276 [1st Dept 1998]).

Defendants have not shown that a joint trial will result in prejudice to a substantial right (see Vecciarelli, 71 AD3d at 596). Indeed, the trial court will have discretion to address any potential danger of "guilt by association" by appropriate curative instructions (see Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 855, 856 [2d Dept 2009]). Concur—Mazzarelli, J.P., Saxe, Moskowitz and Manzanet-Daniels, JJ.